CAUSE NO. 2022CCV-60778-4

| | | |
|---|---|---|
| JUAN LUJAN, *Plaintiff* | § § § | IN THE COUNTY COURT |
| VS. | § § | AT LAW NO. _____ |
| SAM'S EAST, INC. DBA SAM'S CLUB and SAM'S CLUB WEST INC. DBA SAM'S CLUB *Defendants* | § § § § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Juan Lujan, and files his Original Petition complaining of Defendant, Sam's East, Inc. DBA Sam's Club, and Sam's Club West, Inc. DBA Sam's Club in support thereof shows unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1.  Pursuant to the provisions of the Texas Rule of Civil Procedure 190.4, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3.

## II.
## VENUE AND JURISDICTION

2.  This Court has jurisdiction, and venue is proper in Nueces County, Texas pursuant to Texas Civil Practice & Remedies Code section 15.002(a)(1) because Nueces, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3.  Furthermore, jurisdiction is proper in this case as one of the Defendants, Sam's Club West, Inc has its principal place of business in Houston, Harris County Texas.

4.  Plaintiff seeks monetary relief in excess of $1,000,000.00 for Defendants' negligent and grossly negligent conduct, in accordance with Rule 47 of the Texas Rules of Civil Procedure.

# III.
# PARTIES AND SERVICE

5. Plaintiff, Juan Lujan (hereinafter referred to as "Plaintiff" or "Plaintiff Lujan"), is an individual residing in Nueces County, Texas.

6. Defendant, Sam's East, Inc. DBA Sam's Club, is a business operating in Nueces County, Texas, and may be served through its registered agent CT Corporation System 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

7. Defendant, Sam's West, Inc. DBA Sam's Club, is a business operating in Nueces County, Texas, and may be served through the person in charge of its business, Nora Moss at 11101 Fuqua St. Houston, TX 77089-2508.

8. Defendants Sam's East, Inc. and Sam's West, Inc., will be jointly referred to as "Sam's Club".

9. **Service will be by process server. Service is hereby requested.**

# IV.
# FACTUAL BACKGROUND

10. On or about November 10, 2020, Plaintiff Juan Lujan was walking towards the meat market in Defendant Sam's Club store located at 4833 S Padre Island Dr. Corpus Christi, TX 78411. Said store was owned, operated, and managed by Sam's Club East, Inc. and/or Sam's Club West, Inc. Mr. Lujan slipped on a piece of bacon that was on the floor which caused him to fall forward. He attempted to catch his fall using a shopping cart but in doing so he twisted his body. Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages.

11. As a result of the accident, Plaintiff suffered severe and debilitating injuries. The Defendants are liable for its acts and omissions, which directly and proximately caused the incident, resulting in Plaintiff's injuries and all damages to Plaintiff stemming therefrom.

## V.
## CAUSES OF ACTION

**A.     NEGLIGENCE**

12. Plaintiff incorporates each and every allegation of the aforementioned paragraphs as if fully set forth herein.

13. Defendants were negligent. Defendants had a duty to exercise the degree of care a reasonably prudent company would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's damages were proximately caused by Defendants' negligence, carelessness, and reckless disregard of their said duty.

14. Defendants' negligence, carelessness, and reckless disregard of their duty consisted of the following acts and omissions, based on the information currently available to the Plaintiff:

   a. Failure to provide a safe place for invitees;
   b. Failure to maintain the premises in a reasonably safe condition;
   c. Failure to provide necessary and proper procedures and/or to train its employees;
   d. Failure to provide necessary and proper procedures and/or to train its employees to prevent injuries;
   e. Failure to provide necessary and proper procedures and/or to train its employees to identify and warn of unreasonably dangerous conditions on its premises;
   f. Failure to provide, follow and enforce safety rules and regulations for the safety of its invitees;
   g. Failure to perceive unreasonably dangerous conditions that existed on the premises;
   h. Failure to perceive unreasonably dangerous conditions that Defendants should have known existed on the premises;
   i. Failure to inspect the premises in order to discover the unreasonably dangerous conditions that existed on the premises;
   j. Failure to correct the unreasonably dangerous conditions that existed on the premises;
   k. Failure to warn of existing dangerous conditions of which Defendants knew or should have known;

    l.  Failure to render assistance to Plaintiff after the injury; and
    m.  Other negligent acts.

15.    Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrence that made the basis of this action, including the injuries Plaintiff sustained.

16.    Plaintiff would further show that Defendants, by and through their agents, representatives, and employees, knew or should have known of the risk of foreseeable safety issues, that posed an unreasonable risk of harm to Plaintiff and others; that Defendants did not exercise reasonable care to reduce or eliminate the dangerous condition which created a risk of harm, and that Defendants' failure to use such care proximately caused Plaintiff's injuries and damages.

**B.    GROSS NEGLIENCE**

17.    Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein.

18.    "Gross negligence" according to Texas Civil Practice and Remedies Code § 41.001(11)(A)–(B) means an act or omission:

    a.  which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

    b.  of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

19.    Plaintiff would show the Court and the jury that the conduct of Defendants described herein constitutes gross negligence as defined by Texas Civil Practice & Remedies Code § 41.001(11)(A)–(B). Defendants are liable to Plaintiff for gross negligence—to wit:

c. Defendants consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendants' actions and/or inactions and Defendants should be liable in punitive and exemplary damages to Plaintiff; and

d. Defendants' actions or inactions directly and proximately caused injury to Plaintiff, which resulted in the damages detailed below.

20. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved by failing to train their employees, but nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiff.

21. Defendants' grossly negligent conduct proximately caused Plaintiff's injuries. As a result of such gross negligence of the Defendants, Plaintiff is entitled to exemplary damages.

## VI.
## DAMAGES

22. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the Court.

23. As a proximate result of Defendants' conduct, Plaintiff sustained severe injuries and resulting damages.

24. Plaintiff seeks monetary damages from Defendants to compensate him for the following elements of damages, including but not limited to:

e. Past and future medical expenses;
f. Past and future loss of earning capacity;
g. Past and future physical pain and mental anguish; and
h. All other damages allowed under Texas law.

## VII.
## EXEMPLARY DAMAGES

25. The conduct of Defendants was more than momentary thoughtlessness, inadvertence, or error of judgment, and was of such a character as to make Defendants guilty of

gross negligence. Defendants' acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others of which Defendants had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and Plaintiff, therefore, sues for exemplary damages, pursuant to Texas Civil Practice & Remedies Code § 41.003, in the amount determined by the trier of fact.

26. Defendants knowingly failed to maintain the premises causing Plaintiff's injuries. It was foreseeable that someone could be harmed by this serious gross negligence. Defendants' knowing, and intentional conduct allows Plaintiff to recover exemplary damages from Defendants.

## VIII.
## PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

27. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to, contracts, emails, business errand documents, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, and/or records, any and all complaints made regarding premises maintenance, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## IX.
## NOTICE OF SELF-AUTHENTICATION

28. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that the production by Defendants of any document in response to written discovery authenticates the document for use *against* Defendants in any pre-trial preceding or at trial.

## X.
## CONDITIONS PRECEDENT

29. All conditions precedent to Plaintiff's right to recover the relief sought herein occurred or have been performed.

## XI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

30. Plaintiff seeks pre-and post-judgment interest as allowed by law.

## XII.
## JURY DEMAND

31. Plaintiff requests a trial by jury for all issues of fact. A jury fee will be paid.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law; that this cause be set for trial by jury; that Plaintiff recovers judgment of and from said Defendants for his actual damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with costs of suit, pre-and post-judgment interest, exemplary damages; and for all such other and further relief, both in equity and law, to which Plaintiff may show that he is justly entitled.

Respectfully submitted,
**HILLIARD MARTINEZ GONZALES LLP**

By: */s/ Chelsey B. Gandy*
*/s/ T. Christopher Pinedo*
Robert C. Hilliard
State Bar No. 09677700
bobh@hmglawfirm.com
John B. Martinez
State Bar No. 24010212
john@hmglawfirm.com

Rudy Gonzales, Jr.
State Bar No. 08121700
rudyg@hmglawfirm.com
Catherine T. Hilliard
State Bar No. 24013642
catherine@hmglawfirm.com
**T. Christopher Pinedo**
**State Bar No. 00788935**
**cpinedo@hmglawfirm.com**
**Chelsey B. Gandy**
**Texas State Bar No. 24109101**
**chelsey@hmglawfirm.com**

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No.: 361.882.1612
Facsimile No.: 361.882.3015

**hmgservice@hmglawfirm.com**
*service by e-mail to this address only

**ATTORNEYS FOR PLAINTIFF**

CAUSE NO. 2022CCV-60778-4

| | | |
|---|---|---|
| JUAN LUJAN, § | | IN THE COUNTY COURT |
| *Plaintiff* § | | |
| § | | |
| VS. § | | AT LAW NO. 4 |
| § | | |
| SAM'S EAST, INC.; SAM'S CLUB § | | |
| EAST, INC. DBA SAM'S CLUB, and § | | |
| SAM'S CLUB WEST INC. DBA § | | |
| SAM'S CLUB § | | NUECES COUNTY, TEXAS |
| *Defendants* | | |

# PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Juan Lujan, and files his First Amended Petition complaining of Defendant, Sam's East, Inc., Sam's Club East, Inc. DBA Sam's Club, and Sam's Club West, Inc. DBA Sam's Club in support thereof shows unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Pursuant to the provisions of the Texas Rule of Civil Procedure 190.4, Plaintiff proposes to conduct discovery according to Discovery Control Plan Level 3.

## II.
## VENUE AND JURISDICTION

2. This Court has jurisdiction, and venue is proper in Nueces County, Texas pursuant to Texas Civil Practice & Remedies Code section 15.002(a)(1) because Nueces, Texas is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

3. Furthermore, jurisdiction is proper in this case as one of the Defendants, Sam's Club West, Inc has its principal place of business in Houston, Harris County Texas.

4. Plaintiff seeks monetary relief in excess of $1,000,000.00 for Defendants' negligent and grossly negligent conduct, in accordance with Rule 47 of the Texas Rules of Civil Procedure.

# III.
# PARTIES AND SERVICE

5. Plaintiff, Juan Lujan (hereinafter referred to as "Plaintiff" or "Plaintiff Lujan"), is an individual residing in Nueces County, Texas.

6. Defendant, Sam's East, Inc. is a business operating in Nueces County, Texas, and may be served through its registered agent CT Corporation System 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

7. Defendant, Sam's East, Inc. DBA Sam's Club, is a business operating in Nueces County, Texas, and may be served through its registered agent CT Corporation System 1999 Bryan St., Ste. 900 Dallas, TX 75201-3136.

8. Defendant, Sam's West, Inc. DBA Sam's Club, is a business operating in Nueces County, Texas, and may be served through its registered agent CT Corporation System 124 West Capitol Avenue, Suite 1900 Little Rock, AR 72201 or wherever they may be found.

9. Defendants Sam's East, Inc. and Sam's West, Inc., will be jointly referred to as "Sam's Club".

10. **Service will be by process server. Service is hereby requested.**

# IV.
# FACTUAL BACKGROUND

11. On or about November 10, 2020, Plaintiff Juan Lujan was walking towards the meat market in Defendant Sam's Club store located at 4833 S Padre Island Dr. Corpus Christi, TX 78411. Said store was owned, operated, and managed by Sam's Club East, Inc. and/or Sam's Club West, Inc. Mr. Lujan slipped on a piece of bacon that was on the floor which caused him to fall forward. He attempted to catch his fall using a shopping cart but in doing so he

twisted his body. Defendants' negligence was a direct and proximate cause of Plaintiff's injuries and damages.

12. As a result of the accident, Plaintiff suffered severe and debilitating injuries. The Defendants are liable for its acts and omissions, which directly and proximately caused the incident, resulting in Plaintiff's injuries and all damages to Plaintiff stemming therefrom.

## V.
## CAUSES OF ACTION

### A. NEGLIGENCE

13. Plaintiff incorporates each and every allegation of the aforementioned paragraphs as if fully set forth herein.

14. Defendants were negligent. Defendants had a duty to exercise the degree of care a reasonably prudent company would use to avoid harm to others under circumstances similar to those described herein. Plaintiff's damages were proximately caused by Defendants' negligence, carelessness, and reckless disregard of their said duty.

15. Defendants' negligence, carelessness, and reckless disregard of their duty consisted of the following acts and omissions, based on the information currently available to the Plaintiff:

a. Failure to provide a safe place for invitees;
b. Failure to maintain the premises in a reasonably safe condition;
c. Failure to provide necessary and proper procedures and/or to train its employees;
d. Failure to provide necessary and proper procedures and/or to train its employees to prevent injuries;
e. Failure to provide necessary and proper procedures and/or to train its employees to identify and warn of unreasonably dangerous conditions on its premises;
f. Failure to provide, follow and enforce safety rules and regulations for the safety of its invitees;
g. Failure to perceive unreasonably dangerous conditions that existed on the premises;
h. Failure to perceive unreasonably dangerous conditions that Defendants should have known existed on the premises;
i. Failure to inspect the premises in order to discover the unreasonably dangerous conditions that existed on the premises;

j. Failure to correct the unreasonably dangerous conditions that existed on the premises;
k. Failure to warn of existing dangerous conditions of which Defendants knew or should have known;
l. Failure to render assistance to Plaintiff after the injury; and
m. Other negligent acts.

16. Each of these acts and omissions, singularly or in combination with others, constitute negligence and proximately caused the occurrence that made the basis of this action, including the injuries Plaintiff sustained.

17. Plaintiff would further show that Defendants, by and through their agents, representatives, and employees, knew or should have known of the risk of foreseeable safety issues, that posed an unreasonable risk of harm to Plaintiff and others; that Defendants did not exercise reasonable care to reduce or eliminate the dangerous condition which created a risk of harm, and that Defendants' failure to use such care proximately caused Plaintiff's injures and damages.

**B.    GROSS NEGLIENCE**

18. Plaintiff incorporates each and every allegation of the foregoing paragraphs as if fully set forth herein.

19. "Gross negligence" according to Texas Civil Practice and Remedies Code § 41.001(11)(A)–(B) means an act or omission:

a. which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others; and

b. of which the actor has actual, subjective awareness of the risk involved, but nevertheless proceeds with conscious indifference to the rights, safety, or welfare of others.

20. Plaintiff would show the Court and the jury that the conduct of Defendants described herein constitutes gross negligence as defined by Texas Civil Practice & Remedies Code § 41.001(11)(A)–(B). Defendants are liable to Plaintiff for gross negligence—to wit:

   c. Defendants consciously and/or deliberately engaged in recklessness, willfulness, wantonness and/or malice through Defendants' actions and/or inactions and Defendants should be liable in punitive and exemplary damages to Plaintiff; and

   d. Defendants' actions or inactions directly and proximately caused injury to Plaintiff, which resulted in the damages detailed below.

21. Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendants had actual, subjective awareness of the risk involved by failing to train their employees, but nevertheless, proceeded in conscious indifference to the rights, safety, and/or welfare of Plaintiff.

22. Defendants' grossly negligent conduct proximately caused Plaintiff's injuries. As a result of such gross negligence of the Defendants, Plaintiff is entitled to exemplary damages.

# VI.
# DAMAGES

23. Plaintiff seeks unliquidated damages in an amount that is within the jurisdictional limits of the Court.

24. As a proximate result of Defendants' conduct, Plaintiff sustained severe injuries and resulting damages.

25. Plaintiff seeks monetary damages from Defendants to compensate him for the following elements of damages, including but not limited to:

   e. Past and future medical expenses;
   f. Past and future loss of earning capacity;
   g. Past and future physical pain and mental anguish; and
   h. All other damages allowed under Texas law.

# VII.
# EXEMPLARY DAMAGES

26. The conduct of Defendants was more than momentary thoughtlessness, inadvertence, or error of judgment, and was of such a character as to make Defendants guilty of gross negligence. Defendants' acts or omissions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others of which Defendants had actual awareness, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others, and Plaintiff, therefore, sues for exemplary damages, pursuant to Texas Civil Practice & Remedies Code § 41.003, in the amount determined by the trier of fact.

27. Defendants knowingly failed to maintain the premises causing Plaintiff's injuries. It was foreseeable that someone could be harmed by this serious gross negligence. Defendants' knowing, and intentional conduct allows Plaintiff to recover exemplary damages from Defendants.

# VIII.
# PRESERVATION OF EVIDENCE/SPOLIATION NOTICE

28. Plaintiff hereby requests and demands that Defendants preserve and maintain all evidence pertaining to any claim or defense related to the incident made the basis of this lawsuit, or the damages resulting therefrom, including but not limited to, contracts, emails, business errand documents, memoranda, correspondence, financial records, diagrams, maps, photographs, videotapes, audiotapes, recordings, invoices, checks, files, facsimiles, voicemails, text messages, calendar entries, and/or records, any and all complaints made regarding premises maintenance, or information related to the reference claim. Failure to maintain such items shall constitute a "spoliation" of the evidence.

## IX.
## NOTICE OF SELF-AUTHENTICATION

29. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Defendants are hereby notified that the production by Defendants of any document in response to written discovery authenticates the document for use *against* Defendants in any pre-trial preceding or at trial.

## X.
## CONDITIONS PRECEDENT

30. All conditions precedent to Plaintiff's right to recover the relief sought herein occurred or have been performed.

## XI.
## PRE-JUDGMENT AND POST-JUDGMENT INTEREST

31. Plaintiff seeks pre-and post-judgment interest as allowed by law.

## XII.
## JURY DEMAND

32. Plaintiff requests a trial by jury for all issues of fact. A jury fee will be paid.

## XIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and required to answer herein accordingly to law; that this cause be set for trial by jury; that Plaintiff recovers judgment of and from said Defendants for his actual damages in this cause in such amounts as the evidence may show and the Jury may determine to be proper, together with costs of suit, pre-and post-judgment interest, exemplary damages; and for all such other and further relief, both in equity and law, to which Plaintiff may show that he is justly entitled.

Respectfully submitted,
**HILLIARD MARTINEZ GONZALES LLP**

By: */s/ Chelsey B. Gandy*
  */s/ T. Christopher Pinedo*
Robert C. Hilliard
State Bar No. 09677700
bobh@hmglawfirm.com
John B. Martinez
State Bar No. 24010212
john@hmglawfirm.com
Rudy Gonzales, Jr.
State Bar No. 08121700
rudyg@hmglawfirm.com
Catherine T. Hilliard
State Bar No. 24013642
catherine@hmglawfirm.com
**T. Christopher Pinedo**
**State Bar No. 00788935**
**cpinedo@hmglawfirm.com**
**Chelsey B. Gandy**
**Texas State Bar No. 24109101**
**chelsey@hmglawfirm.com**

719 S. Shoreline Boulevard
Corpus Christi, Texas 78401
Telephone No.: 361.882.1612
Facsimile No.: 361.882.3015

**hmgservice@hmglawfirm.com**
*service by e-mail to this address only

**ATTORNEYS FOR PLAINTIFF**